(101 South. 119)

No. 26662.

### CAZEBONNE v. CALDBECK.

(July 8, 1924.)

*(Syllabus by Editorial Staff.)*

Executors and administrators ⬅️388(1)—Succession; failure of legatees to record evidences of claims against heirs or representatives held to preclude subsequent assertion.

Failure of legatees to record evidences of their claims against heirs and representatives of one deceased, as required by Civ. Code, art. 3275, *held* to preclude any claim by them to land transferred by deceased's executrix to third persons, notwithstanding article 1633.

Appeal from Civil District Court, Parish of Orleans; Mark M. Boatner, Judge.

Suit by Peter Cazebonne against Mrs. Marie Caldbeck. Judgment for plaintiff, and defendant appeals. Affirmed.

Woodville & Woodville, of New Orleans, for appellant.

Emile Pomes, of New Orleans, for appellee.

By the WHOLE COURT.

LECHE, J. Defendant refuses to accept title to property which she has promised to buy from the plaintiff on the ground that it is suggestive of litigation, and from an adverse judgment she prosecutes this appeal.

The property in controversy formerly belonged to Edward Aaron and Mary Joseph, his wife, in community. It was inherited by their sole heir, Mrs. Fannie Aaron Herbert White, who was formally put in possession by judgment of the civil district court on June 13, 1911. Mrs. White sold to plaintiff on September 1, 1920.

Edward Aaron died after his wife in the early part of the year 1911, and left a last will and testament in which he made bequests approximating $20,000. His succession was valued at $36,000, and he owed about $31,000, so that it was impossible to pay the bequests out of the assets of his succession.

Mrs. White, who was sole heir of her father and mother, and who was testamentary executrix of her father's succession, represented these facts in her account as executrix, and also stated in her application to be put in possession that she had invested and was then in possession of the legacy of $15,000 made to her daughter, and that the other legatees had consented to hold her personally responsible and to grant her an extension of time to discharge the legacies made in their favor.

It does not appear affirmatively that Mrs. White has ever paid any of the legacies as directed by her father in his last will, but it does appear that no creditor or legatee has ever recorded any claim against the property.

Article 1633 of the Civil Code provides that the heirs of the testator shall be personally bound to discharge particular legacies that "they shall be bound by mortgage for the whole, to the amount of the value of the immovable property of the succession withheld by them." On the other hand, article

3275, C. C., requires that in order to preserve their privilege against the heirs or representatives of the deceased creditors or legatees must record the evidences of their claim.

The property in suit passed into the hands of a third person, the plaintiff, since September 1, 1920, under a certificate showing no recorded incumbrances, and there is therefore no serious ground upon which defendant can base the fear of future litigation on the part of the legatees of the late Edward Aaron, the only alleged reason on her part for refusing to accept title. Succession of Dupuy, 33 La. Ann. 284; Le Goaster et al. v. Lafon Asylum et al., 155 La. 158, 99 South. 24.

The judgment of the district court is in favor of plaintiff, and for the reasons stated it should be affirmed, and

It is so ordered.